# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Owners Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Jeffrey Edward Walsh as Personal Representative of the Estate of Edward Joseph Walsh, III,<br><br>Defendants. | C/A No.: _____<br><br><br>**COMPLAINT**<br>**(DECLARATORY JUDGMENT)** |

Owners Insurance Company (hereinafter "Owners"), by and through their undersigned counsel, hereby files this Complaint for Declaratory Judgment showing unto the Court as follows:

1. This is an insurance coverage declaratory judgment action brought pursuant to 28 U.S.C. §2201 *et seq.* in which Owners seeks an Order declaring that it owes no additional underinsured automobile insurance coverage under policy #41-962-102-00 (herein "the Policy") to Decedent Edward Joseph Walsh, III (hereinafter "Decedent") for the fatal accident that occurred on or about March 28, 2022, in Dillon County, State of South Carolina.

2. Owners seeks an Order that additional Underinsured Motorist Coverage is properly disclaimed as provided in Exhibit A, Coverage Position Letter[1] on the grounds, including but not limited to, that:

---

[1] The grounds for the denial of coverage as espoused in Exhibit A are incorporated herein by this reference in their entirety.

a.     Decedent was not occupying a vehicle that was insured under the Policy at the time of the accident;

b.     Decedent did not "have" a vehicle involved in the accident;

c.     Decedent is not entitled to stack coverage, bodily injury, or property damage, for the accident, under South Carolina law;

d.     Decedent is not entitled to stack coverage, bodily injury, or property damage, for the accident under this Policy based on the clear and unambiguous definitions, terms, and conditions of the Policy;

e.     Owners has articulated a good faith basis for the denial of additional coverage; and

f.     Any such further obligations, if any, or relief the Court may deem appropriate.

## THE PARTIES

3.     Owners is a corporation organized and existing pursuant to the laws of one of the United States other than the State of South Carolina and conducts business in Dillon County, South Carolina.

4.     Edward Joseph Walsh, III, was a resident of Dillon County, State of South Carolina and was operating his lawnmower at the time of the crash in Dillion County, State of South Carolina.

5.     Jeffrey Edward Walsh, at all times relevant, as the personal representative of the Estate of Edward Joseph Walsh, III, is and was a resident of Dillon County, State of South Carolina at the time of the alleged losses.

**JURISDICTION & VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds Seventy-Five Thousand and NO/100 ($75,000.00) Dollars exclusive of costs and interest based on the limits of liability of the policy in question; the amount of the loss claimed by the Defendants; the amount of additional coverage Defendants claim they are owed; and because complete diversity of citizenship exists between the parties.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 121, 1391 and Local Rule 3.01 in that a substantial part of the events or omissions giving rise to the claim occurred within this judicial district and division.

**FACTS & PROCEDURAL POSTURE**

8. The facts contained herein are derived from the investigation by Owners, among other things, and are asserted upon information and belief.

9. On or about March 28, 2022, on S.C. Highway 57 in Dillon County, South Carolina, Decedent was operating his lawnmower when he was fatally struck by a vehicle owned by Caleb Jaliek Miles and being operated by Jaquan Allen (the "Miles Vehicle").

10. As of the date of this filing, Defendants have exhausted the limits of the liability policies issued by other automobile liability insurance companies[2] covering or applicable in the household of the Miles Vehicle that fatally struck Decedent.

---

[2] Plaintiff has been informed of full tender of a MGA Insurance Policy and a National General (Integon) Insurance Policy but does not have tangible information on the amount of the limits.

11. After exhausting the automobile liability coverage, Defendants then presented Underinsured Motorist Coverage Claim #300-0350187-2022 against Decedent's Owners' Personal Automobile Policy.

12. As reflected in Exhibit B, Receipt of Documents, the benefits tendered to date under the Owners Policy, under a reservation of rights by all parties, represent the portable single-vehicle-limits of Underinsured Motorist Coverage as follows:

a. Underinsured Motorist Coverage for bodily injury (UIMBI) for One-Hundred Thousand and NO/100 ($100,000.00) Dollars; and

b. Underinsured Motorist Coverage for property damage (UIMPD) for Fifty-Thousand and NO/100 ($50,000.00) Dollars.

13. The dispute forming the basis of this declaratory judgment action is twofold as follows:

a. Defendants assert they are entitled to stack UIMBI coverage under the Owners Policy for an additional One Hundred Thousand and NO/100 ($100,000.00) Dollars because Decedent had two vehicles on the Owners' Policy; and

b. Defendants assert they are entitled to stack UIMPD coverage for an additional Fifty Thousand and NO/100 ($50,000.00) Dollars because Decedent had two vehicles on the Owners Policy.

14. Prior to the filing of this action, there has been no request by either party for a declaratory judgment for determination of coverage and this action follows.

# THE POLICY

15.     Decedent, maintained Owner's Personal Auto Insurance Policy #41-962-102-00 at all times relevant (hereinafter "The Policy") on his 1989 Cadillac Brougham and 2008 Ford F150 with each having the following Underinsured Motorist Coverage as reflected to Exhibit C, The Policy:

      a. Underinsured Motorist Bodily Injury:     $100,000

      b. Underinsured Motorist Property Damage:     $50,000

16.     The Policy speaks for itself and is incorporated herein by this reference in its entirety. *See* Exhibit C, The Policy.

17.     The Policy section for SOUTH CAROLINA UNDERINSURED MOTORIST (UIM) COVERAGE provides as follows:

> It is agreed:
>
> 1. **DEFINITIONS**
>    The following definitions apply in addition to those contained in **SECTION I - DEFINITIONS** of the policy.
>    a. **Occupying** means being in or on an **automobile** as a passenger or operator, or being engaged in the immediate acts of entering, boarding or alighting from an **automobile**.
>    b. **Underinsured automobile** means an **automobile** to which a liability bond or liability insurance policy applies at the time of the **occurrence**:
>       (1) with limits of liability at least equal to or greater than the limits required by the South Carolina Motor Vehicle Financial Responsibility Act; and
>       (2) such limits of liability are less than the amount of damages the injured person is legally entitled to recover for **bodily injury** or **property damage**.

2. **COVERAGE**
   a. **We** will pay compensatory damages, including but not limited to loss of consortium, any person is legally entitled to recover from the owner or operator of an **underinsured automobile** because of:
      (1) **bodily injury** sustained while **occupying** an **automobile** which is covered by **SECTION II - LIABILITY COVERAGE** of the policy; and
      (2) **property damage** to **your automobile** and to property of **yours** or a **relative**.
   b. This coverage is extended to **you**, if an individual as follows:
      (1) **We** will pay compensatory damages, including but not limited to loss of consortium, **you** are legally entitled to recover from the owner or operator of any **underinsured automobile** because of **bodily injury you** sustain:
         (a) when **you** are not **occupying** an **automobile** that is covered by **SECTION II - LIABILITY COVERAGE** of the policy; or
         (b) when **you** are not **occupying** any **automobile**.

*See* Exhibit C, Policy Part 99306, pg. 1.

18.     Pursuant to the Policy, UIM coverage is extended to an insured who suffers bodily injury or property damage that exceeds the liability limits of the underinsured vehicle. It provides UIM coverage, subject to its limitations, for the insured when they are 1) occupying an automobile covered by SECTION II – LIABILITY COVERAGE of the policy, 2) when "not occupying an automobile that is covered by SECTION-II Liability Coverage of the policy", and 3) if not occupying any automobile.

19.     The aforementioned section of the Policy, as described in Paragraph 18, is consistent with the portability doctrine of South Carolina law and provides portable UIM coverage. This portability is the basis by which the tendered benefits were issued.

20.     However, South Carolina law does not permit stacking in the present matter

because Decedent did not "have" a vehicle involved in the accident and does not qualify as a Class I insured as is required.

21. Consistent with South Carolina law, the Policy does not provide the ability of Defendants to stack UIM coverage under the circumstances of this case.

22. Stacking UIM coverage for multiple vehicle policies is limited in the Policy as follows:

> **4. LIMIT OF LIABILITY**
>   a. **Our** limit of liability for Underinsured Motorist Coverage shall not exceed the lowest of the following:
>      (1) the amount by which the compensatory damages, including but not limited to loss of consortium, because of **bodily injury** or **property damage** exceed the total limits of all liability bonds and liability insurance policies available to the owner or operator of the **underinsured automobile** at the time of the **occurrence**; or
>      (2) the Limits of Liability stated in the Declarations for Underinsured Motorist Coverage as follows:
>          (a) **We** will pay compensatory damages, including but not limited to loss of consortium, because of **bodily injury** up to the Limit of Liability stated in the Declarations as follows:
>              1) the limit stated for "each person" is the amount of coverage and the most **we** will pay for all compensatory damages, including but not

However, if the policy insures more than one **your automobile** for this coverage, **our** limit of liability for injury to only **you** and **your relative** is as follows:
1) if **you** or a **relative** is injured while **occupying your automobile**:
   a) the "each person" Limit of Liability shall be the sum of the "each person" Limit of Liability applying to such **automobile** and that portion of the "each person" Limit of Liability that applies to each additional **your automobile** that does not exceed the limit applicable to the vehicle that the injured person was **occupying**.
   b) the "each occurrence" Limit of Liability shall be the sum of the "each occurrence" Limit of Liability applying to such **automobile** and that portion of the "each occurrence" Limit of Liability that applies to each additional **your automobile** that does exceed the limit applicable to the vehicle the injured person(s) were **occupying**.

2) If **you** or **a relative** is injured while not **occupying** any **automobile**:
   a) the "each person" Limit of Liability shall be the highest "each person" Limit of Liability applicable to any one **your automobile**.
   b) the "each occurrence" Limit of Liability shall be the highest "each occurrence" Limit of Liability applicable to any one **your automobile**.

3) If **you** or a **relative** is injured while **occupying** an **automobile** owned by **you** or a

> **relative** that is not scheduled on the Declarations for this policy and which is insured under a separate policy with at least the applicable limit required by the South Carolina Motor Vehicle Financial Responsibility Act:
> a) the "each person" Limit of Liability shall be the sum of the "each person" Limit of Liability applicable to each of **your automobile(s)** that does not exceed the "each person" Limit of Liability applicable to the **automobile** involved in the accident.
> b) the "each occurrence" Limit of Liability shall be the sum of the "each occurrence" Limit of Liability applicable to each of **your automobile(s)** that does not exceed the "each occurrence" Limit of Liability applicable to the **automobile** involved in the accident.
>
> 4) If **you** or a **relative** is injured while **occupying** an **automobile** not owned by **you** or a **relative** that is not scheduled on the Declarations for this policy:
> a) the "each person" Limit of Liability shall be the highest "each person" Limit of Liability applicable to any one **your automobile**;
> b) the "each occurrence" Limit of Liability shall be the highest "each occurrence" Limit of Liability applicable to any one **your automobile**.

*See* Exhibit C, Policy Part 99306, pgs. 2 - 4.

23.     The aforementioned limitations on UIM coverage represent permissible limitations on liability by the carrier and limitations for which Decedent agreed at the inception of the Policy.

24.     Decedent was operating a riding lawnmower, a piece of equipment that was not insured under the Policy as an "automobile".

9

25. Decedent was operating a riding lawnmower that is not a "vehicle" as defined by South Carolina law.

26. Decedent was operating a riding lawnmower that is not an "automobile" as defined by South Carolina law.

27. Decedent was operating a riding lawnmower that did not have automobile liability insurance nor was such insurance required by the South Carolina Financial Responsibilities Act, S.C. Code Ann. §56-9-10 *et seq*.

28. Decedent was not operating a vehicle insured by the Policy, a vehicle owned by Decedent or a household member, or any vehicle that would have been subjected to the South Carolina Financial Responsibilities Act and, accordingly, is not entitled to stack UIMBI/UIMPD coverage for the lawnmower.

29. Neither South Carolina law, the Policy, nor Decedent's property damages provide grounds or authority for the Decedent to stack UIMPD.

30. Owners has a good faith basis under the Policy to deny stacked UIMBI and UIMPD coverage.

## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. §2201, *et seq.*

31. The United States Declaratory Judgment Act provides that this Court has the power to declare the rights, status, and other legal relations whether or not further relief is or could be claimed, 28 U.S.C. §2201(a).

32. Based on the foregoing and exhibits incorporated herein by this reference, Owners requests the Court issue an Order determining the following:

a. The aforementioned policy terms are clear and unambiguous;

b. Decedent's UIM benefits were portable and have been properly tendered by Plaintiff;

c. Decedent was not occupying a "vehicle" under South Carolina law S.C. Code Ann. § 38-77-160 to be entitled to stack as a Class I insured;

d. Decedent did not "have" a vehicle involved in the accident;

e. South Carolina law does not provide for stacking property damage;

f. Defendants are not entitled to stacked UIM coverage under South Carolina law;

g. Defendants are not entitled to stacked UIM coverage under the Policy.

and do not provide stacking under the facts of the accident;

h. Plaintiff properly denied Defendants' claim for stacked UIM coverage;

i. Plaintiff had a reasonable basis for denial of Defendants' claim; and/or

j. Any such further conclusions that the Court may deem appropriate.

## **REQUEST FOR RELIEF**

WHEREFORE, Owners respectfully requests that this Court issue an Order consistent with the relief sought herein, further declare the rights and obligations, if any, of the respective parties hereto as this Court deems just and proper and grant all other relief which Owners may be entitled.

Respectfully Submitted,

s/Mary D. LaFave
Mary D. LaFave, Fed. ID. #10316
**CROWE LAFAVE GARFIELD & BAGLEY, LLC**
P.O. Box 1149
Columbia, SC 29202
803.726.6756 (office)
mary@crowelafave.com
Attorney for Plaintiff Owners Insurance Company

February 16, 2023
Columbia, South Carolina

12